IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**QWEST CORPORATION**,
a Colorado Corporation,

       Plaintiff,

  vs.                                                                                  No. CIV 00-795 MCA/DJS

**CITY OF SANTA FE,
NEW MEXICO**,

       Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO INTERVENE

**THIS MATTER** comes before the Court on the City of Albuquerque's Motion to Intervene [Doc. No. 26] filed on January 16, 2001. Having considered the pleadings of record and the relevant law, and otherwise being fully advised in the premises, the Court finds grounds for denying the motion as explained below.

I.     BACKGROUND

In a complaint filed on June 1, 2000, Plaintiff Qwest Corporation alleged that Defendant City of Santa Fe's Ordinance 1998-16 violates and is preempted by Section 253 of the Telecommunications Act of 1996, 47 U.S.C. § 253 (2000), Article XI, Section 2 of the New Mexico Constitution, and certain provisions of the New Mexico Telecommunications

Act, N.M. Stat. Ann. §§ 63-9A-1 to -20 (Michie 1999 & Supp. 2001). Qwest moved for summary judgment as to all of these claims, and the material facts alleged in Qwest's motion are largely undisputed. Briefing on Qwest's summary-judgment motion was completed on December 26, 2000.

The City of Albuquerque moved to intervene as a party defendant on the grounds that the City of Albuquerque's telecommunications ordinance is similar to that of the City of Santa Fe and, accordingly, the Court's rulings in this matter could have a *stare decisis* effect on future disputes between Qwest and the City of Albuquerque. The City of Albuquerque further contends that its interest in protecting its ability to manage its publicly-owned rights-of-way could be lost in this litigation and that no current party is in a position to protect that interest. Qwest opposes intervention by the City of Albuquerque on the grounds that such intervention is untimely and that the City of Albuquerque has no interest which may be impaired or impeded by the Court's rulings regarding the City of Santa Fe's ordinance or which the City of Santa Fe cannot represent adequately. Briefing on the City of Albuquerque's motion was completed on January 16, 2001.

II. ANALYSIS

Intervention under Fed. R. Civ. P. 24 is only permitted "[u]pon timely application." A timely application to intervene as of right under Fed. R. Civ. P. 24(a)(2) also requires a showing that "the applicant claims an interest relating to the property or transaction which is the subject of the action[,] . . . the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest," and

the applicant's interest is not "adequately represented by the existing parties." A timely application for permissive intervention under Fed. R. Civ. P. 24(b) requires a showing that the "applicant's claim or defense and the main action have a question of law or fact in common" and consideration of "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

### A. Timeliness

In this case, the City of Albuquerque has failed to meet the threshold requirement of timeliness. "The timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting Sanguine, Ltd. v. United States Dep't of Interior, 736 F.2d 1416, 1418 (10th Cir. 1984)). The City of Albuquerque claims it did not know of this case until late summer of 2000 and did not know that its interests were implicated until it received a letter from Qwest in November 2000. By that time, however, many pretrial deadlines already had been set in this case. And by the time briefing on the motion to intervene was completed in January 2001, a dispositive motion covering all issues between the current parties had been briefed, and there were few, if any, disputed issues of material fact remaining.

Allowing intervention at this point would be prejudicial to the existing parties because it is likely to require them to start over and await new deadlines concerning matters which they already have addressed, and the only purpose of such delays would be to accommodate

the City of Albuquerque's minimal interest in protecting a different ordinance from the tenuous argument that the Court's rulings in this case would have a *stare decisis* or other precedential effect upon it. Thus, while there are no grounds to punish the City of Albuquerque for being dilatory, the circumstances nevertheless weigh in favor of finding that its motion to intervene is untimely. See id.

B.     Intervention as of Right

The City of Albuquerque also has failed to meet the requirements for intervention as of right under Fed. R. Civ. P. 24(a)(2). The subject of this action is the City of Santa Fe's telecommunications ordinance as it relates to publicly-owned rights-of-way within the City of Santa Fe. The City of Albuquerque has shown no property interest in the City of Santa Fe's rights-of-way or in the revenues that may be generated from those rights-of-way by means of the City of Santa Fe's telecommunications ordinance. Further, the City of Albuquerque has not shown that the Court's rulings on the merits of this case would preclude it from defending its own telecommunications ordinance in another case under principles of *res judicata* or collateral estoppel.

While the Court recognizes that non-economic interests may suffice for purposes of intervening as of right in some instances, see Utah Ass'n of Counties, 255 F.3d at 1251; In re Kaiser Steel Corp., 998 F.2d 783, 791 (10th Cir. 1993), such interests are not exempt from the requirement that they be sufficiently "related to the property or transaction which is the subject of the action" so as to create a risk of "impair[ing] or imped[ing] the applicant's ability to protect that interest." Fed. R. Civ. P. 24(a)(2); cf. FDIC v. Jennings, 816 F.2d

1488, 1492 (10th Cir. 1987) ("[W]e have recognized that the interest and impairment requirements of Rule 24(a)(2) are intertwined."). In this instance, the City of Albuquerque has not shown a sufficient relationship between its interests (economic or otherwise) and the City of Santa Fe's telecommunications ordinance or rights-of-way.

The only relationship to which the City of Albuquerque alludes is the potential *stare decisis* or other precedential effect that the Court's rulings in this case might have on any future dispute over the City of Albuquerque's telecommunications ordinance. The Court recognizes that the impact of *stare decisis*, "either in its technical sense of a decision on legal point or in the broader sense of precedent in which a court has decided identical factual issues, may be sufficient" for purposes of intervening as of right in some instances. Jennings, 816 F.2d at 1492. In this case, however, the impact of *stare decisis* is tenuous because the City of Albuquerque's telecommunications ordinance is not identical to the City of Santa Fe's telecommunications ordinance, there is not a controlling issue of law of first impression common to both actions, and it is difficult to distinguish the City of Albuquerque's generalized interest in intervention from that of any other local government in New Mexico or throughout the United States that is litigating similar issues. See id. at 1492-93. The existing parties have cited numerous judicial opinions addressing the effect of the Telecommunications Act of 1996 on local ordinances regarding public rights-of-way. The City of Albuquerque has not shown how the Court's ruling in this case would affect it anymore than such rulings from other cases.

Finally, the City of Albuquerque has not made even a minimal showing that the City of Santa Fe's representation of its interest is inadequate, that there is any real possibility that the public interests of the two municipalities may diverge, or that the City of Albuquerque has greater expertise than the City of Santa Fe regarding the City of Santa Fe's telecommunications ordinance or the public rights-of-way in the City of Santa Fe. See Utah Ass'n of Counties, 255 F.3d at 1254-55. For these reasons, the Court concludes that the City of Albuquerque has not established grounds for intervention as of right under Fed. R. Civ. P. 24(a)(2).

C.  Permissive Intervention

Finally, the Court concludes that permissive intervention under Fed. R. Civ. P. 24(b) is not warranted in this case. While the defenses that the City of Albuquerque seeks to assert share common questions of law with those asserted by the City of Santa Fe, the Court also must consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. As noted above, many pretrial deadlines already have been set, a dispositive motion covering all issues between the current parties has been briefed, and there are few, if any, disputed issues of material fact remaining. Allowing intervention at this point would be prejudicial to the existing parties because it is likely to require them to start over and await new deadlines concerning matters which they already have addressed, and the only purpose of such delays would be to accommodate the City of Albuquerque's minimal interest in protecting a different ordinance from the tenuous argument that the

Court's rulings in this case would have a *stare decisis* or other precedential effect upon it. Accordingly, permissive intervention is not warranted.

III. CONCLUSION

For the foregoing reasons, the City of Albuquerque's motion to intervene is untimely and meets neither the requirements for intervention as of right under Fed. R. Civ. P. 24(a)(2) nor the requirements for permissive intervention under Fed. R. Civ. P. 24(b).

**IT IS, THEREFORE, ORDERED** that the City of Albuquerque's Motion to Intervene be and hereby is DENIED.

DATED in Albuquerque this 14th day of March, 2002.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**